IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

**GREAT FALLS**

---

| | |
|---|---|
| FRANCISCO RODARTE, | Cause No. CV-06-048-GF-SEH-RKS |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |
| CORRECTIONS CORPORATION OF AMERICA, MS. LAMEY, ET. AL. | |
| Defendants. | |

---

This matter comes before the Court on Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Plaintiff alleges that he was subjected to punishment without due process of law when he was reclassified in the prison after a disciplinary hearing. Plaintiff is a state prisoner proceeding pro se and in forma pauperis.

Plaintiff listed as Defendants Ms. Lamey, Unit Manager at Crossroads Correctional Center; Mrs. Ryan a.k.a. Ms. Ellington, Case Manager at Crossroads Correctional Center; Ms. Vantine, Case Manager at Crossroads Correctional Center; Mr. James MacDonald, Warden at Crossroads Correctional Center and the Montana Department of Corrections.

**I. Preliminary Screening**

Pursuant to the federal statutes governing proceedings in forma pauperis and proceedings by prisoners, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c)(1); Lopez v. Smith, 203

F.3d 1122, 1126 (9th Cir. 2000) (en banc).  The court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend.  Lopez, 203 F.3d at 1127.  The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts."  Id. (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)).  Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment."  Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).  Additionally, the courts must liberally construe pro se pleadings.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

**II. Analysis**

Under the Fourteenth Amendment's Due Process Clause, a prisoner is entitled to certain due process protections when he is charged with a disciplinary violation. Wolff v. McDonnell, 418 U.S. 539, 564-571, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Such protections include the rights to call witnesses, to present documentary evidence and to have a written statement by the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken. Id.

However, these protections only apply when the disciplinary action implicates a protected liberty interest in some "unexpected matter" or imposes an "atypical and significant hardship on

the inmate in relation to the ordinary incidents of prison life." Sandin v. Connor, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); see also Ramirez v. Galaza, 334 F.3d 850, 860 (2003) ("If the hardship is sufficiently significant, then the court must determine whether the procedures used to deprive that liberty satisfied Due Process.") (citations omitted). The Supreme Court has identified few protected liberty interests. See, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980) (identifying the freedom from transfer to a mental hospital as a protected liberty interest); Washington v. Harper, 494 U.S. 210, 221 222, 110 S.Ct. 1028, 108 L.Ed.2d 178 (1990) (identifying the freedom from the involuntary administration of psychotropic drugs as a protected liberty interest). The Ninth Circuit has also found a limited number of circumstances where a prisoner has a protected liberty interest. See, e.g. Neal v. Shimoda, 131 F.3d 818, 829-30 (9th Cir. 1997)(protected liberty interest found where classification as a sex offender stigmatized the prisoner in the prison population and participation in a mandatory sex offender program was a precondition to eligibility for parole; Serrano v. Francis, 345 F.3d 1071, 1079 (9th Cir. 2003) (a prisoner's disability-coupled with administrative segregation in an area that was not designed for disabled persons–gave rise to a protected liberty interest).

Rodarte complains that he was denied due process in his reclassification. However, prisoners do not have a protected liberty interest in their classification status. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). Since Rodarte does not have a protected liberty interest in his classification within the prison, he has no legitimate statutory or constitutional entitlement sufficient to invoke due process. This is not an issue which could be cured by amendment. Accordingly, his Complaint fails to state a claim

upon which relief can be granted and the Court makes the following:

### RECOMMENDATION

Plaintiff's Complaint (Document 1) should be **DISMISSED** for failure to state a claim on which relief may be granted, and the Clerk of Court should be directed to have to the docket reflect that the filing of the Complaint should count as one strike against Plaintiff, pursuant to 28 U.S.C. § 1915(g).

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

The Clerk of Court shall serve a copy of this Findings and Recommendation of the United States Magistrate Judge upon the Plaintiff. Plaintiff is advised that pursuant to 28 U.S.C. § 636(b)(1), he has the right to file written objections to this Findings and Recommendation. Any objections to the Findings and Recommendation must be filed with the Clerk of Court within twenty (20) days after the signing of this recommendation, or objection is waived.

Further, the Court enters the following:

### ORDER

In light of the Court's Recommendation that Plaintiff's Complaint be dismissed, Plaintiff's Motion for a Transfer back to the Montana State Prison (Document 7) is **DENIED.**

**PLAINTIFF IS CAUTIONED THAT HE MUST KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS.**

DATED this 26th day of April, 2007.

>  /s/ Keith Strong
>  Keith Strong
>  United States Magistrate Judge